[PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12429

_____

AMINA BOUARFA,

                                                          Plaintiff-Appellant,

*versus*

SECRETARY, DEPARTMENT OF HOMELAND SECURITY, DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION SERVICES (USCIS),

                                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-00224-WFJ-AEP

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, Circuit Judge, and PROCTOR,[*] District Judge.

WILLIAM PRYOR, Chief Judge:

This appeal requires the Court to decide whether the district court had subject-matter jurisdiction over a complaint about the revocation of the approval of a visa petition. *See* 8 U.S.C. § 1155. The Immigration and Nationality Act bars judicial review of certain discretionary immigration decisions. *Id*. § 1252(a)(2)(B)(ii). Amina Bouarfa filed a petition to have her husband classified as her immediate relative so that he would be eligible to adjust his immigration status. The Secretary of the Department of Homeland Security approved the petition but later revoked that approval because Bouarfa's husband had entered a previous marriage for the purpose of evading immigration laws. Bouarfa sought judicial review of the Secretary's marriage-fraud determination. The district court dismissed her complaint for lack of subject-matter jurisdiction because it determined that Bouarfa's complaint challenged a discretionary decision. We affirm.

## I. BACKGROUND

Amina Bouarfa is a United States citizen. Her husband, Ala'a Hamayel, is not. In 2014, Bouarfa submitted Form I-130 to the

---

[*] Honorable R. David Proctor, United States District Judge for the Northern District of Alabama, sitting by designation.

Department of Homeland Security to petition to have Hamayel classified as her immediate relative for purposes of the Immigration and Nationality Act. *See* 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154(a)(1)(A)(i); 8 C.F.R. § 204.1(a)(1) (2022).

The Secretary has delegated many powers under the Act to United States Citizenship and Immigration Services within the Department. *See* 8 C.F.R. §§ 2.1, 100.1 (2022); 6 U.S.C. § 271. The parties do not dispute the legal authority of the officials who dealt with Bouarfa's petition. References in this opinion to the Secretary encompass all officials relevant to Bouarfa's petition.

The Secretary approved the petition in 2015. Two years later, the Secretary notified Bouarfa of an intent to revoke the approval of the petition. *See* 8 U.S.C. § 1155 (permitting the Secretary to revoke the approval of a petition). The Secretary stated that the Department had determined that Hamayel entered into one of his previous marriages solely for the purpose of evading immigration laws. The Act prohibits the approval of a petition to benefit an alien who has entered a sham marriage. *Id.* § 1154(c)(2).

Boaurfa responded to the notice and attempted to rebut the evidence the Secretary cited. Unpersuaded, the Secretary revoked the approval of Bouarfa's petition. Bouarfa unsuccessfully appealed to the Board of Immigration Appeals.

Bouarfa filed a complaint in the district court against the Secretary and the Director of Citizenship and Immigration Services. She challenged the officials' actions as arbitrary and capricious and stated that "[w]ere the agency to vacate its decision," she would

seek injunctive relief and a writ of mandamus compelling the agency to adjudicate her Form I-130. She alleged that the administrative record compels the conclusion that Hamayel's previous marriage was not a sham.

The Secretary and Director moved to dismiss the complaint for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). They argued that Bouarfa was "seeking . . . to review an unreviewable revocation decision." They cited a provision of the Act that bars judicial review of certain discretionary decisions. *See* 8 U.S.C. § 1252(a)(2)(B)(ii). They also cited unpublished decisions by this Court, as well as published decisions by our sister circuit courts, that state that the revocation of a visa under section 1155 is a discretionary decision.

The district court granted the motion to dismiss. It determined that a revocation under section 1155 is a discretionary action to which the section 1252 jurisdictional bar applies. It agreed with the officials that "[a]lthough [Bouarfa] attempts to distinguish the basis of the revocation decision from the revocation decision itself, the relief she seeks betrays that there is no true difference between the two." But it also stated that an initial *denial* of a petition based on a marriage-fraud finding would be a reviewable, non-discretionary decision and expressed concern that there was a "loophole" through which the Department "could evade judicial review by granting a visa petition it should have denied outright and then immediately revoking its approval."

22-12429               Opinion of the Court                    5

## II. STANDARD OF REVIEW

"We review subject matter jurisdiction *de novo*." *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1142 (11th Cir. 2009).

## III. DISCUSSION

We divide our discussion into two parts. First, we explain that judicial review of a revocation decision under section 1155 is barred. Second, we explain that judicial review of the cited basis for the revocation decision—the determination that Hamayel had committed marriage fraud and that the marriage fraud served as good and sufficient cause to revoke the approval—is also barred.

*A. Courts Lack Jurisdiction over a Section 1155 Revocation.*

The threshold issue is whether section 1252 bars judicial review of the revocation of a petition approval under section 1155. Bouarfa concedes that the decision to revoke an approval is not subject to judicial review. Although the district judge erroneously treated our unpublished opinions as precedential, we now join most of our sister circuits in holding that a section 1155 revocation is a discretionary decision not subject to judicial review. *See Bernardo ex rel. M & K Eng'g, Inc. v. Johnson*, 814 F.3d 481, 482 (1st Cir. 2016); *Nouritajer v. Jaddou*, 18 F.4th 85, 88 (2d Cir. 2021); *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 205 (3d Cir. 2006); *Polfliet v. Cuccinelli*, 955 F.3d 377, 383 (4th Cir. 2020); *Ghanem v. Upchurch*, 481 F.3d 222, 223 (5th Cir. 2007); *Mehanna v. U.S. Citizenship & Immigr. Servs.*, 677 F.3d 312, 313 (6th Cir. 2012); *El-Khader v. Monica*, 366 F.3d 562, 563 (7th Cir. 2004); *Abdelwahab v. Frazier*, 578 F.3d 817,

821 (8th Cir. 2009); *Green v. Napolitano*, 627 F.3d 1341, 1343 (10th Cir. 2010); *iTech U.S., Inc. v. Renaud*, 5 F.4th 59, 68 (D.C. Cir. 2021). *But see Jomaa v. United States*, 940 F.3d 291, 295–96 (6th Cir. 2019) (holding that although revocation can be discretionary, a revocation primarily based on discovery of a mistake was "a nondiscretionary act of error correction"); *ANA Int'l Inc. v. Way*, 393 F.3d 886, 894 (9th Cir. 2004) (holding that the authority to revoke the approval of a petition is bounded by objective criteria and therefore subject to judicial review).

The Administrative Procedure Act provides that a person adversely affected by final agency action is entitled to judicial review. 5 U.S.C. §§ 702, 704. "Although the [Administrative Procedure Act] independently does not confer subject-matter jurisdiction, 28 U.S.C. [section] 1331 confers jurisdiction on federal judges to review agency action under federal-question jurisdiction." *Perez v. U.S. Bureau of Citizenship & Immigr. Servs.*, 774 F.3d 960, 965 (11th Cir. 2014). Where a statute bars judicial review or agency action is committed to agency discretion by law, the Administrative Procedure Act does not permit judicial review. *Id.*; *see* 5 U.S.C. § 701(a). "When a statute is reasonably susceptible to" multiple interpretations, we apply a "presumption favoring judicial review of administrative action." *Kucana v. Holder*, 558 U.S. 233, 251 (2010) (citation and internal quotation marks omitted). But that presumption may be rebutted by "clear and convincing evidence." *Id.* at 252 (citation omitted).

22-12429               Opinion of the Court                              7

Two statutory provisions govern this jurisdictional issue. The Immigration and Nationality Act bars judicial review of "any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of" those officials. 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1155 is part of that subchapter. *See id.* ch. 12, subch. II. Section 1155 states that the Secretary "may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." *Id.* § 1155.

Section 1155 makes clear that the Secretary's authority to revoke the approval of a petition is discretionary. The clear import of the terms "may," "at any time," and "what he deems to be good and sufficient cause" is that the Secretary is free to exercise his authority to revoke the approval of a petition as he sees fit. *Cf. Brasil v. Sec'y, Dep't of Homeland Sec.*, 28 F.4th 1189, 1192–93 (11th Cir. 2022) (explaining that the provision that "[t]he Attorney General may, when the Attorney General deems it to be in the national interest, waive" certain requirements clearly specifies that the waiver decision is discretionary). Because section 1155 is unambiguous, the presumption in favor of judicial review when a statute is "reasonably susceptible to" multiple interpretations, *Kucana*, 558 U.S. at 251 (citation omitted), does not come into play.

*B. Courts Lack Jurisdiction over the Basis for a Section 1155 Revocation.*

Bouarfa contends that although the decision to revoke the approval of her petition was discretionary, "the underlying basis for

the agency's action involve[d] non-discretionary decision-making" that the district court may review. In particular, she cites the "application of [section] 1154(c)," the marriage-fraud bar, to her petition. She frames the issue as whether the revocation "insulates the agency from judicial review of agency action that is otherwise subject to review." We disagree.

The Act makes clear that revocation is discretionary—no matter the basis for revocation. *See* 8 U.S.C. § 1155. The only statutory predicate for revocation is that the Secretary deems there to be good and sufficient cause. *Id.* The statute does not require that the Secretary make any finding of fact or conclusion of law to support that determination. Indeed, nothing in the statute *requires* the Secretary to revoke the approval of a petition in any circumstance, even when the Department later determines that the approval was in error. *See El-Khader*, 366 F.3d at 568; *contra Jomaa*, 940 F.3d at 296 (holding that a revocation after the discovery of a mistake was a non-discretionary act of "error correction"). Neither does anything in the statute *prohibit* the Secretary from revoking the approval of any petition.

The parties agree that the denial of a petition based on section 1154(c), which provides that "no petition shall be approved" if the alien previously committed marriage fraud, is a non-discretionary decision that is subject to judicial review. We have previously reviewed the denial of an I-130 petition, although our decision did not explicitly discuss the non-discretionary nature of that decision. *See Mendoza v. Sec'y, Dep't of Homeland Sec.*, 851 F.3d 1348, 1353–56

22-12429               Opinion of the Court                        9

(11th Cir. 2017). Bouarfa contends that because the marriage-fraud determination would have been reviewable if her petition had been denied outright, it ought to remain reviewable regardless of the context in which it was made.

The fundamental flaw in Bouarfa's argument is that it goes to the Secretary's decision how to exercise his discretion, unlike the types of claims we have held are subject to judicial review. Section 1252 does not foreclose judicial review of all claims connected to a discretionary decision. We have identified two types of claims that are not subject to the jurisdictional bar even when the challenged action relates to a discretionary decision. Bouarfa's claim is not within those categories but is instead analogous to a claim that we have held falls under the jurisdictional bar.

The first type of claim courts may review is a claim that the Secretary erred when he made a non-discretionary determination that is a statutory predicate to his exercise of discretion. In *Mejia Rodriguez*, we explained that although the ultimate decision whether to grant an alien temporary protected status is discretionary and not subject to judicial review, the Secretary's determination about the alien's statutory eligibility for that discretionary relief is a non-discretionary decision. *See* 562 F.3d at 1143. By statute, the Secretary cannot grant temporary protected status unless he first determines that the alien is statutorily eligible. *Id.* at 1140 & n.5 (citing 8 U.S.C. § 1254a(c)). So, when the Secretary denied temporary protected status because he determined that the alien was

statutorily ineligible, the district court had subject-matter jurisdiction to review the eligibility determination. *Id.* at 1144.

Second, courts may review a claim that the Secretary failed to follow the correct procedure in making a discretionary decision. In *Kurapati v. United States Bureau of Citizenship & Immigration Services*, we determined that the district court had jurisdiction over a claim that the Secretary failed to follow the correct procedure when he revoked his approval of a petition. 775 F.3d 1255, 1262 (11th Cir. 2014). The Secretary does not have the discretion to ignore regulations and binding precedent when he carries out the process to reach a discretionary determination, so section 1252 does not prohibit judicial review of "the conduct of . . . administrative proceedings." *Id.*

Regarding that second category of reviewable claims, we have explained that *Kurapati* does not stand for the proposition that all assertions of procedural error necessarily subject the Secretary's actions to judicial review. When the Secretary has exercised his discretion to deny relief and determined that an earlier procedural error was immaterial to that denial, "[a] petitioner may not sidestep the jurisdictional bar in [section] 1252(a)(2)(B) by reframing a challenge to the agency's denial of relief as a claim of procedural error." *Blanc v. U.S. Att'y Gen.*, 996 F.3d 1274, 1280 (11th Cir. 2021) (applying section 1252(a)(2)(B)(i), which bars review of "any judgment regarding the granting of relief under" enumerated provisions). In such a circumstance, "there is nothing left for us to correct." *Id.*

A claim that the Secretary reached the wrong outcome when he decided how to exercise his discretion stands in stark contrast to a claim of error in determining statutory eligibility or a claim of procedural error. We recently held that section 1252 bars judicial review of a claim that the Secretary erroneously applied his own standard for determining how to exercise his discretion. In *Brasil*, we explained that when a petitioner does not contend that the Secretary failed to follow his own procedures or failed to apply the correct standard from his binding precedent, there is nothing for a court to review. 28 F.4th at 1194. A complaint that the Secretary reached the wrong conclusion is nothing more than a claim that the Secretary should have exercised his discretion in a different manner. *Id.* at 1191–92, 1194; *see Nouritajer*, 18 F.4th at 89–90.

Bouarfa's complaint, like the one in *Brasil*, is not subject to judicial review. Bouarfa asserts that the Secretary reached the wrong outcome when he determined that there was good and sufficient cause to revoke the approval of her petition. To be sure, the agency has articulated a standard to guide its evaluation of whether good and sufficient cause exists. *See In re Ho*, 19 I. & N. Dec. 582, 590 (B.I.A. 1988) (explaining that there is good and sufficient cause to revoke an approval if the evidence in the record warrants denial). But as we could not review the petitioner's claim in *Brasil* that the Secretary erroneously applied the standard that guides his discretion, we cannot review Bouarfa's complaint that the Secretary reached the wrong conclusion in her case. The sole statutory predicate for revocation is that the Secretary deem that there is good and sufficient cause. 8 U.S.C. § 1155. That the Secretary has, in his

discretion, created additional standards to explain what constitutes good and sufficient cause and linked that determination in Bouarfa's case to the marriage-fraud provision does not alter the bar on judicial review of the Secretary's discretionary decision.

## IV. CONCLUSION

We **AFFIRM** the judgment in favor of the Secretary and Director.